# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN C. GUZMAN, | ) | NO. SA CV 06-465-GPS(E) |
| Petitioner, | ) | |
| v. | ) | ORDER ADOPTING FINDINGS, |
| KEN CLARK, Warden, | ) | CONCLUSIONS AND RECOMMENDATIONS |
| Respondent. | ) | OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///
///

1  IT IS FURTHER ORDERED that the Clerk serve copies of this
2  Order, the Magistrate Judge's Report and Recommendation and the
3  Judgment herein by United States mail on Petitioner and counsel for
4  Respondent.

6  LET JUDGMENT BE ENTERED ACCORDINGLY.

8  DATED: 1/14/08 , 2007.

                                    _____
                                    GEORGE P. SCHIAVELLI
                                    UNITED STATES DISTRICT JUDGE

FILED
CLERK, U.S. DISTRICT COURT

FEB 21 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. GUZMAN, | ) NO. SA CV 06-465-GPS(E) |
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION OF |
| KEN CLARK, Warden, | ) UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) |

This Report and Recommendation is submitted to the Honorable George P. Schiavelli, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on May 11, 2006. Respondent filed an Answer on January 19, 2007. Petitioner did not file a Reply within the allotted time.

**BACKGROUND**

An Information charged Petitioner with, <u>inter alia</u>, committing lewd and lascivious acts upon children, in violation of section 288(a) of the California Penal Code (Lodgment 3, lodged January 19, 2007, at 72-74). As part of the investigation into the case, Child Abuse Services Team (CAST) conducted videotaped interviews with the two child victims. Before trial, each child viewed the videotape of his CAST interview (Lodgment 4 at 422). Also before trial, the court denied Petitioner's request for discovery into the child victims' therapy records (Lodgment 3 at 96, 112; Lodgment 4 at 47-48).

At trial, both child victims testified against Petitioner and the court received the CAST videotapes into evidence (Lodgment 4 at 69 <u>et seq.</u>, 213 <u>et seq.</u>, 338). The court offered, but Petitioner ultimately declined, the opportunity to cross-examine the victims regarding their viewing of the CAST videotapes (Lodgment 4 at 320-21; <u>People v. Guzman</u>, 2003 WL 558519 *4 (Cal. App. Feb. 27, 2003)). The jury found Petitioner guilty (Lodgment 4 at 587-90). The California Court of Appeal affirmed in a reasoned opinion (<u>People v. Guzman</u>, 2003 WL 558519 (Cal. App. Feb. 27, 2003)). The California Supreme Court summarily denied Petitioner's petition for review (Lodgment 2, lodged June 16, 2006).

**SUMMARY OF PETITIONER'S CONTENTIONS**

Petitioner contends:

1. Use of the CAST videotapes allegedly violated Petitioner's constitutional rights because: (a) section 1360 of the California Evidence Code, which authorized the introduction of the videotapes, assertedly is unconstitutional because the statute allegedly provides a non-reciprocal benefit to the prosecution; (b) the videotaped interviews assertedly lack "sufficient indicia of reliability" such that their introduction allegedly violated Petitioner's constitutional right of confrontation; and (c) allowing the victims to view the videotapes in advance of their trial testimony assertedly violated Petitioner's constitutional rights; and

2. The denial of pretrial discovery assertedly violated Petitioner's constitutional rights.

**STANDARD OF REVIEW**

A federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (as amended); see also Woodford v. Visciotti, 537 U.S. 19, 24-26 (2002); Early v. Packer, 537 U.S. 3, 8 (2002); Williams v. Taylor, 529 U.S. 362, 405-09 (2000).

1 "Clearly established Federal law" refers to the governing
2 legal principle or principles set forth by the Supreme Court at the
3 time the state court renders its decision. <u>Lockyer v. Andrade</u>, 538
4 U.S. 63 (2003). A state court's decision is "contrary to" clearly
5 established Federal law if: (1) it applies a rule that contradicts
6 governing Supreme Court law; or (2) it "confronts a set of facts . .
7 . materially indistinguishable" from a decision of the Supreme Court
8 but reaches a different result. See <u>Early v. Packer</u>, 537 U.S. at 8
9 (citation omitted); <u>Williams v. Taylor</u>, 529 U.S. at 405-06.

Under the "unreasonable application prong" of section 2254(d)(1), a federal court may grant habeas relief "based on the application of a governing legal principle to a set of facts different from those of the case in which the principle was announced." <u>Lockyer v. Andrade</u>, 538 U.S. at 76 (citation omitted); <u>see also</u> <u>Woodford v. Visciotti</u>, 537 U.S. at 24-26 (state court decision "involves an unreasonable application" of clearly established federal law if it identifies the correct governing Supreme Court law but unreasonably applies the law to the facts). A state court's decision "involves an unreasonable application of [Supreme Court] precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply." <u>Williams v. Taylor</u>, 529 U.S. at 407 (citation omitted).

"In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state

4

court's decision must have been more than incorrect or erroneous.'" Wiggins v. Smith, 539 U.S. 510, 520 (2003) (citation omitted). "The state court's application must have been 'objectively unreasonable.'" Id. at 520-21 (citation omitted); see also Clark v. Murphy, 331 F.3d 1062, 1068 (9th Cir.), cert. denied, 540 U.S. 968 (2003). In applying these standards, this Court looks to the last reasoned state court decision. See Franklin v. Johnson, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002).

## DISCUSSION

For the reasons discussed below, the Petition should be denied and dismissed with prejudice.[1]

I. **Use of the CAST Videotapes Does Not Merit Habeas Relief.**

Petitioner argues that section 1360 of the California Evidence Code provides a non-reciprocal benefit to the prosecution, in violation of the constitutional principles discussed in Wardius v. Oregon, 412 U.S. 470 (1973). The Ninth Circuit expressly has rejected this same argument. See Brodit v. Cambra, 350 F.3d 985, 990 (9th Cir. 2003), cert. denied, 542 U.S. 925 (2004) ("Although

---

[1] The Court has read, considered and rejected on the merits all of Petitioner's contentions. The Court discusses Petitioner's principal contentions herein. The Court has assumed, arguendo, the timeliness of the Petition. See Van Buskirk v. Baldwin, 255 F.3d 974, 976 (9th Cir.), amended and superseded on other grounds, 265 F.3d 1080 (9th Cir. 2001), cert. denied, 535 U.S. 950 (2002) (declining to address statute of limitations issue where habeas petition lacked merit).

sections 1253 and 1360 may prove helpful to prosecutors more often than to defendants, nothing in the text of either section bars a defendant from making use of a child's hearsay statements. Accordingly, the California Court of Appeal did not apply <u>Wardius</u> unreasonably, and we affirm the district court's denial of the writ on this claim"). The <u>Brodit</u> holding compels the rejection of Petitioner's <u>Wardius</u> argument in the present case. "District Courts are, of course, bound by the law of their own circuit." <u>Zuniga v. United Can Co.</u>, 812 F.2d 443, 450 (9th Cir. 1987).

Petitioner's Confrontation Clause challenge to the introduction of the videotapes also fails as a matter of law. Because the victims testified at trial, the introduction of their testimonial, videotaped statements raises no cognizable issue under the Confrontation Clause. See <u>Crawford v. Washington</u>, 541 U.S. 36, 59 n.9 (2004) ("[W]e reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. It is therefore irrelevant that the reliability of some out-of-court statements cannot be replicated, even if the declarant testifies to the same matters in court. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it") (citations and quotations omitted); <u>California v. Green</u>, 399 U.S. 149, 162 (1970) ("[W]here the declarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem"); <u>United States v. Price</u>, 458 F.3d 202, 209 n.2 (3rd Cir. 2006), <u>cert. denied</u>,

1  127 S. Ct. 1014 (2007) ("The instant case does not present any
2  Confrontation Clause issues because the challenged hearsay statements
3  were made by Bonett, who testified at trial and was available for
4  cross-examination"); Mendez v. Adams, 2005 WL 3454112 *8 (N.D. Cal.
5  Dec. 16, 2005) (because the child victims testified at trial, the
6  introduction of their videotaped interviews with child-abuse services
7  workers did not violate the Confrontation Clause); see also United
8  States v. Griffin, 434 F.2d 978, 984 (9th Cir. 1970), cert. denied,
9  402 U.S. 995 (1971) (declarant's presence at trial suffices for
10 Confrontation Clause purposes, regardless of whether the defendant
11 questions the declarant concerning the declarant's out-of-court
12 statement).

14         Petitioner's challenge to the victims' pre-testimony viewing
15 of the videotapes is equally lacking in merit.  Petitioner cites no
16 authority, much less "clearly established Federal law, as determined
17 by the Supreme Court of the United States," for the proposition that
18 a witness' pre-testimony review of other admissible (or even
19 inadmissible) evidence somehow offends the Constitution.  To the
20 contrary, courts long have countenanced witnesses' pre-testimony
21 review of statements and other evidence.  See, e.g., Nees v. SEC, 414
22 F.2d 211, 217-18 (9th Cir. 1969) ("The issue thus becomes whether or
23 not a witness may examine such a memorandum before testifying.  We
24 see no reason to rule a witness may not"); Williams v. United States,
25 365 F.2d 21, 22 (7th Cir. 1966), cert. denied, 385 U.S. 981 (1966)
26 (witness' review of memorandum prepared from inadmissible and
27 partially unintelligible tape recordings of conversations raises no
28 constitutional issue cognizable on collateral attack).  Indeed, even

the failure to insulate trial witnesses from potentially corrupting influences, such as the recollections or testimony of other witnesses, does not raise a constitutional issue. See, e.g., Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir. 1988), cert. denied, 489 U.S. 1088 (1989); Mathis v. Wainright, 351 F.2d 489, 489 (6th Cir. 1965), cert. denied, 384 U.S. 1009 (1966); Hammond v. Snyder, 2000 WL 1239993 *5 (D. Del. Aug. 23, 2000); Johnson v. Blackburn, 1987 WL 9810 *8 (E.D.L.A. Apr. 15, 1987).

## II. The Denial of Pretrial Discovery Does Not Merit Habeas Relief.

Prior to trial, Petitioner sought discovery of the child victims' therapy records (Lodgment 3 at 95). After an in camera review, the court denied discovery, expressly finding that the records did not contain any discoverable material (Lodgment 4 (October 27, 2000 proceeding) at 2; Lodgment 3 at 96, 112; Lodgment 4 at 47-48). Petitioner requests that this Court obtain and review the same documents in camera. Petitioner does not allege any facts (as distinguished from speculation) suggesting that the records contain any exculpatory information.

Petitioner's claim fails for several reasons. First, "[t]here is no general constitutional right to discovery in a criminal case, and Brady [v. Maryland, 373 U.S. 83, 87 (1963)] did not create one." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Second, and more specifically, the Constitution does not require the discovery of privileged medical records of an adverse witness, provided the defendant receives ample opportunity to cross-examine the witness at

8

1 | trial. See, e.g., United States v. Lavallee, 439 F.3d 670, 692 (10th
2 | Cir. 2006) (citing and quoting from Pennsylvania v. Ritchie, 480 U.S.
3 | 39, 51 (1987). Third, Petitioner has failed to overcome the
4 | presumption of correctness that attaches to the state court's finding
5 | that the records in question contain no discoverable material. See
6 | 28 U.S.C. § 2254(e)(1); Hodge v. Haeberlin, 2006 WL 1895526 *36-38
7 | (E.D. Ky. July 10, 2006) (rejecting habeas challenge to denial of
8 | discovery into the psychiatric records of a witness where the state
9 | courts reviewed the records in camera and found them not to be
10 | material); Bader v. Warden, 2003 WL 21228520 *8 (D.N.H. May 28, 2003)
11 | (state court's finding after in camera review that child witness'
12 | psychiatric records did not contain information material to the
13 | defense must be upheld on federal habeas review absent clear and
14 | convincing evidence to rebut the presumed correctness of the state
15 | court's finding). Fourth, and similarly, Petitioner offers only
16 | speculation that the denial of discovery somehow prejudiced his
17 | defense at trial. Mere speculation regarding the content of
18 | unproduced documents does not require in camera review, see, e.g.,
19 | United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986), cert.
20 | denied, 479 U.S. 1038 (1987), and cannot establish a "substantial and
21 | injurious effect or influence on the jury's verdict." See Brecht v.
22 | Abrahamson, 507 U.S. 619, 637 (1993) (non-structural errors do not
23 | merit habeas relief absent a substantial and injurious effect or
24 | influence on the jury's verdict); see also Downs v. Hoyt, 232 F.3d
25 | 1031, 1037 (9th Cir. 2000), cert. denied, 532 U.S. 999 (2001)
26 | (speculation that suppressed evidence might have yielded favorable,
27 | admissible evidence is an insufficient basis for habeas relief).
28 | ///

**RECOMMENDATION**

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice.

DATED: February 14, 2007.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

~~Reports and Recommendations are not appealable to the Court of~~ Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.